# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11614

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAMION KENTRELL WHITE, also known as D.K.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-78-2

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant White appeals from the 240-month sentence he received after the district court accepted his guilty plea to a violation of 18 U.S.C. § 1952(a)(2) based on a predicate offense under 18 U.S.C. § 1591(a)(1). We DISMISS the appeal.

White admits that "[t]he crux of [his] objection in the district court and complaint now on appeal is that his *conduct* did not constitute a crime of violence . . . ." (emphasis added). White asks this court to do the very thing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11614

that the Supreme Court has instructed it not to do: look beyond the elements of the offense to the underlying facts to determine whether 18 U.S.C. § 1591(a)(1) is categorically a crime of violence.

In determining whether an offense is a crime of violence, this court looks "only to the statutory definitions—i.e., the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013)), *cert. denied sub. nom. Allen v. United States*, 137 S. Ct. 2231 (2017). White's brief is not entitled to liberal construction because he is represented by counsel. *See Woodfox v. Cain*, 609 F.3d 774, 792 (5th Cir. 2010). Accordingly, White has not adequately briefed the only issue he raises. This court has recognized that failure to adequately brief an issue on appeal can constitute waiver of the argument. *N.W. Enters., Inc. v. City of Houston*, 352 F.3d 162, 183 n.24 (5th Cir. 2003); *see also* Fed. R. App. P. 28(a)(8)(A); *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001); *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *L & A Contracting Co. v. S. Concrete Servs.*, 17 F.3d 106, 113 (5th Cir. 1994); *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992). This court finds that White has waived by inadequate briefing the only issue he raises. We **DISMISS** the appeal.